LUTU & TAESALI, Plaintiffs

v.

PONALI of Utulei, Defendant

No. 23-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 15, 1949

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo July 15, 1949.
Lutu for Lutu & Taesali; Aleki for Ponali.

MORROW, *Chief Justice.*

Lutu and Taesali, matais of the family of which they together with Afoa and Tupua are the head matais, filed their petition alleging in substance that defendant Ponali, having their permission to erect a single story European style house on land of their family did erect such house; that later over their objection, he remodeled the house increasing its height and making it into a two-story European style house in violation of the permission given.

The foregoing allegations were clearly established by the evidence at the hearing. The remodeling of the house consisted of increasing the height of the supporting posts from about three or four feet to six feet and then putting weatherboarding around the outside posts so as to convert the house from a single story to two stories.

The permission given constituted a license. See 33 Am.Jur., Tit. Licenses, Sec. 91. "A license may be granted to do any of an almost infinite variety of things on another's land. Thus, one may have a license to flood land, to erect buildings or other structures thereon, to erect advertising signs on another's land or building, to pass on the land, to maintain a ditch, or drain, to cut timber, to maintain wires and poles, to use land for railroad purposes." III Tiffany on Real Property (3rd ed.) Sec. 829. The permission given in the instant case was oral. "No formality

is necessary to establish or create a license. It may be in writing or oral, no particular words being necessary." Id. Sec. 830.

■ We follow the rule in American Samoa that after the licensee has entered and made expenditures in money or labor in reliance upon a parol license, such license becomes irrevocable. See *Tago Loe v. Sami & Faafeu Mauga*, No. 33-1947 (Am. Samoa). It would be inequitable to permit a revocation of the license under these circumstances. "In many jurisdictions where a licensee has entered under a parol license and has expended money or its equivalent in labor, it becomes irrevocable, and the licensee acquires a right of entry upon the lands of the licensor for the purpose of maintaining his structures, or, in general his rights under the license, and the license will continue for so long a time as the nature of it calls for." 33 Am.Jur. Tit. Licenses, Sec. 103.

■ We conclude that defendant Ponali has the right to maintain the house in accordance with the original license given. But he has no right to maintain it in its present condition in direct violation of the license.

If the Court were to order the house removed from the land, it would result in a destruction of a valuable piece of property. A Samoan family would be without a home. It would constitute a totally unnecessary economic loss to a Samoan community.

The rights of the plaintiffs may be fully protected (and they have a right to have the defendant not exceed the scope of the license, the land being theirs) and the home of a Samoan family preserved, by the issuance of a mandatory injunction requiring the defendant Ponali to remove the weatherboarding attached to the outside posts of the house and lowering it so that the supporting posts will not exceed four feet in height. Such an injunction will be issued.